**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JASON RAIKES,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:12cv58**
　　　　　　　　　　　　　　　　　　　　　　**(Judge Groh)**

**P.A. HUFF,**

        **Respondent.**

**REPORT AND RECOMMENDATION
28 U.S.C. § 2254**

**I. Introduction**

On June 25, 2012, Jason Raikes [hereinafter referred to as "petitioner"], a state pre-trial detainee, filed a *pro se* "pleading" which was docketed as a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. §2254. Because the pleading was not on a form petition, the Clerk of Court issued a Notice of Deficient Pleading which instructed the petitioner that he must file his petition on the court-approved form which was enclosed for his use and must either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* together with his Prisoner Trust Account Report and supporting ledger sheets. On July 3, 2012, the petitioner filed a Motion to appoint counsel, and on July 10, 2012, he filed a letter regarding his petition which indicates that he does not understand the directions given in the Notice of Deficient pleading. While the undersigned could recommend that this matter be dismissed for failure to comply with the Notice, a close examination of the original pleading clearly indicates that this Court can provide the petitioner no relief at this time.

**II. Factual Background**

The petitioner is currently incarcerated in the Central Regional Jail awaiting trial in Webster County, West Virginia on four charges of sexual assault and four charges of abuse by a parent, guardian, or custodian. Trial is scheduled for December 4, 2012, and the petitioner is represented by counsel in the Webster County proceeding which is assigned Case Number 12-F-6[1].

**III. Petitioner's Claims**

The petitioner's claims are difficult to discern. However, it appears that he is complaining that he is unable to make bond, that he has been in jail for thirteen months awaiting trial, and he also appears to allege malfeasance on the part of the investigating officer, the court, and perhaps the prosecuting attorney. For relief, he asks that the "U.S. Court take this case as now." He also asks that someone be sent to seek him at the jail.

**IV. Analysis**

As a preliminary matter, the undersigned concludes that this petition is not cognizable under section 2254 and must instead be construed as a petition for section 2241 relief. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). However a pretrial detainee is not "in custody" pursuant to a state court judgment so section 2254 relief in unavailable. See <u>Dickerson v. Louisiana</u>, 816 F.2d 220 (5th Cir. 1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws,

---

[1] Although the petitioner provided little information in his pleading, the pro se law clerk assigned to this matter contacted the Webster County Circuit Clerk and the office of the Prosecuting Attorney for Webster County to obtain docket information.

or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004)(section 2241 applies to individuals who a state places in pretrial detention).

Because the petitioner is a pretrial detainee, he is not in custody pursuant to a state court judgment and section 2254 does not apply. Accordingly, the undersigned construes this petition under section 2241.[2] However, petitioner is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89 (1973).To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim. Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, even if the petitioner has exhausted his circuit court remedies with respect to his bond and evidentiary concerns, the Clerk of the West Virginia Supreme Court has no record that the petitioner has filed has initiated any proceeding be in a writ of mandamus, writ of prohibition, or writ of habeas corpus. Therefore, it is clear that the petitioner has not exhausted his state court

---

[2]In truth, the petitioner cites no federal provision in his pleading, and the Clerk of Court opened this case as a § 2254 petition.

remedies, and therefore, cannot proceed with a habeas petition before this Court. Furthermore, to the extent that the petitioner may be seeking to have his case removed to federal court, said remedy is not available under any set of circumstances. 28 U.S.C. § 1441 provides for removal of civil actions, not criminal actions.

## V. Recommendation

Based on the foregoing, it is recommended that the this matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further recommended that the petitioner's Motion to Appoint Counsel be **DENIED AS MOOT**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, and to any counsel of record by electronic means.

Dated: November 5, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE